Minton, Appellant, v. McCreery & Co.

Argued March 25, 1931. Before FRAZER, C. J., WALLING, KEPHART, SCHAFFER and MAXEY, JJ.

*Thomas L. Kane,* for appellant.

*Charles F. Patterson,* of *Patterson, Sherrard & Miller,* for appellee.

PER CURIAM, April 13, 1931:

Plaintiff sued to recover damages for personal injuries sustained June 21, 1926, during the noon hours, in a fall in defendant's department store in the City of Pittsburgh. The verdict was for defendant, and plaintiff appeals from the order of the court refusing her motion for a new trial.

Plaintiff contended she slipped and fell on a greasy substance on the floor in the Sixth Avenue vestibule entrance to defendant's store. She averred the foreign substance was surplus oil draining onto the floor from the pivot of the revolving door; the evidence produced to sustain this allegation, however, amounts to no more than a surmise. No proof was offered as to the exact nature of the grease, or oil, or that it actually came from the mechanism of the door, or that the door either had been lubricated or required such treatment. On the contrary, at the time of the accident, the revolving doors were open and folded lengthwise, affording a clear double entrance to the main storeroom, and defendant's witnesses testified the device had not been oiled, and that the grease on the floor could not have come from the source alleged nor have been there for a sufficient time to create an inference of defendant's negligence and charge it with constructive notice. The questions involved were clearly for the jury.

Plaintiff complains that the trial judge instructed the jury on the subject of contributory negligence as a possible factor in the accident, without notice to plaintiff's counsel that this point would be charged upon. We see

no error in this. The instructions to the jury stated the law correctly, both as to negligence and contributory negligence, and also referred impartially to the testimony relating to the circumstances in connection with the accident. The evidence abundantly sustains the verdict in favor of defendant.

The judgment is affirmed.